STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Docket No.: CV-15-545

KELLY MANK,
NIELS MANK

        Plaintiff,

v.

CHRIS WEBSTER d/b/a
LAKE REGION PAVING and
SEAL COATING,
JAMES SACCUZZO

        Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)

JUDGMENT

This matter came before the Court on a damages hearing. Plaintiffs were present along with counsel, John Tourcotte, Esq. Defendants appeared *pro se*. The Court entered a default against Defendants by Order dated April 13, 2016.

As a general rule, damages for defective performance under a construction contract may be measured either by the reasonable costs of reconstruction and completion in accordance with the contract, or by the diminished value to the owner of the property by reason of the defects. *Parsons v. Beaulieu*, 429 A.2d 214, 217 (Me. 1981); 5 A. Corbin, *Contracts* § 1089 (1964).

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 28 2016

RECEIVED

1

The former measure of damages applies to the present fact scenario and Plaintiff makes no claim for diminution of value.

The Court finds as follows:

The contract price for the ice hockey rink was $7,000. *See Plaintiff's Exhibit 1.* Plaintiffs paid Defendant Webster d/b/a Lake Region Paving and Seal Coating a total of $9,000. Of this total amount paid, $7,000 represents the full contract price for the ice rink and $2,000 was advanced toward the driveway-paving contract. *See Plaintiff's Exhibit 2.*[1] Defendants never worked toward the driveway project or provided any materials to Plaintiffs, related to that project.

The undisputed evidence regarding repair and completion of the job in keeping with the contract is as follows. The tearing out of the asphalt installed by Defendants totaled $13,000. The completion of the job was an additional $15,600. Defendants questioned the relative cost difference between what they charged and what the replacement contractor, Mr. Mason, charged. Ostensibly this was to call into question the reasonableness of the scope of work and the amount charged for the work performed.

---

[1] Defendant Webster contends that the $2,000 represents an additional amount necessary for the purchase of additional gravel and was not a payment toward the driveway work. There was no change order to that effect in the record presented by the parties and no exhibit offered by the Defendants to support Mr. Webster's testimony. The Court therefore concludes that the additional sum above the contract price was a payment toward the driveway work.

Admirably, Defendants conceded their fault in getting into a project they knew very little about (ice rink construction) for the purposes of a loss leader to be able to take on the more profitable companion job of paving the Plaintiffs' driveway. While it is understandable for the Defendants to feel that such an honest concession should lead to a reasonable resolution with the Plaintiffs, short of litigation, that did not happen and does not itself constitute a defense to the damages claimed by Plaintiffs. Moreover, to claim that Defendants charged much less than Mr. Mason for similar or a greater amount of work does not alone call into question the scope of work or rate charged by Mr. Mason. In fact, given the margin by which the project was found to be deficient (a 54-inch pitch for an ice skating rink), the fortuity that Defendants work cost much less than Mr. Mason's work, perhaps makes rather than undermines the ineluctable conclusion that the project was dramatically under-estimated by Defendants when quoted for $7,000.

Defendants admitted to Plaintiffs that the pavement all needed to be removed in order to bring the project into alignment with the contract. Mr. Webster testified that the project could have been remedied by repairing a single quadrant. However, Mr. Webster provided no evidence regarding how that might affect the cost of repair, if at all. Moreover, that testimony is

3

substantially undermined by an initial admission that the pavement needed to be removed, in addition to Mr. Mason's rebuttal testimony that a quadrant approach to the repair would not have worked. As a separate but related point, the record suggests that it is not an acceptable building practice to build up the declining grade over already existing pavement.

It is therefore ORDERED:

1. Defendants Chris Webster and James Sacuzzo are liable to Plaintiffs, jointly and severally, for the sum of $21,600.

2. Defendant Chris Webster is liable to Plaintiffs for the additional sum of $2,000 for the deposit for the driveway for which work was not performed on Plaintiffs' property.

3. Defendant Chris Webster is ordered solely to pay Plaintiffs' reasonable attorneys fees for a violation of the Maine Unfair Trade Practices Act, which the court finds to be $3,798.50.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 06/27/16

Lance E. Walker
Justice, Superior Court

4

STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss                                Docket No.: CV-15-545


KELLY MANK,                          )
NIELS MANK                           )
                                     )
                                     )
            Plaintiff,               )
                                     )     AMENDED JUDGEMENT RULE 60(b)[1]
                                     )
       v.                            )
                                     )
CHRIS WEBSTER d/b/a                  )
LAKE REGION PAVING and               )
SEAL COATING,                        )
JAMES SACCUZZO

            Defendant

This matter came before the Court on a damages hearing. Plaintiffs were

present along with counsel, John Turcotte, Esq. Defendants appeared *pro se.* The

Court entered a default against Defendants by Order dated April 13, 2016.

As a general rule, damages for defective performance under

a construction contract may be measured either by the reasonable costs of

reconstruction and completion in accordance with the contract, or by the

diminished value to the owner of the property by reason of the defects. *Parsons v.*

*Beaulieu,* 429 A.2d 214, 217 (Me. 1981); 5 A. Corbin, *Contracts* § 1089 (1964).

---

[1] On the Court's own motion and precipitated by a letter dated June 29, 2016 from
Attorney Turcotte providing new evidence regarding the true cost of repair to finish
the smaller-scale ice rink, the Court corrects and reduces the amount to $12,533.40
from $15,600.
[2] Defendant Webster contends that the $2,000 represents an additional amount necessary
for the purchase of additional gravel and was not a payment toward the driveway work.
There was no change order to that effect in the record presented by the parties and no

The former measure of damages applies to the present fact scenario and Plaintiff makes no claim for diminution of value.

The Court finds as follows:

The contract price for the ice hockey rink was $7,000. *See Plaintiff's Exhibit 1.* Plaintiffs paid Defendant Webster d/b/a Lake Region Paving and Seal Coating a total of $9,000. Of this total amount paid, $7,000 represents the full contract price for the ice rink and $2,000 was advanced toward the driveway-paving contract. *See Plaintiff's Exhibit 2.*[2] Defendants never worked toward the driveway project or provided any materials to Plaintiffs, related to that project.

The undisputed evidence regarding repair and completion of the job in keeping with the contract is as follows. The tearing out of the asphalt installed by Defendants totaled $13,000. The completion of the job was an additional $12,533.40. Defendants questioned the relative cost difference between what they charged and what the replacement contractor, Mr. Mason, charged. Ostensibly this was to call into question the reasonableness of the scope of work and the amount charged for the work performed. Admirably, Defendants conceded their fault into getting into a project they knew very little about (ice rink construction) for the purposes of a loss leader to be able to take on the more profitable companion job of paving the Plaintiffs' driveway. While it is understandable for the Defendants to

---

[2] Defendant Webster contends that the $2,000 represents an additional amount necessary for the purchase of additional gravel and was not a payment toward the driveway work. There was no change order to that effect in the record presented by the parties and no exhibit offered by the Defendants to support Mr. Webster's testimony. The Court therefore concludes that the additional sum above the contract price was a payment toward the driveway work.

maintain that such an honest concession should lead to a reasonable resolution short of litigation with the Plaintiffs, that did not happen and does not itself constitute a defense to the damages claimed by Plaintiffs. Moreover, to claim that Defendants charged much less than Mr. Mason for similar or a greater amount of work does not alone call into question the scope of work or rate charged by Mr. Mason. In fact, given the margin by which the project was found to be deficient (a 54-inch pitch for an ice skating rink), the fortuity that Defendants work cost much less than Mr. Mason's perhaps makes rather than undermines the Plaintiffs' point that the project was dramatically under-estimated by Defendants when quoted for $7,000.

The record also reflects that Defendants admitted to Plaintiffs that the pavement all needed to be removed in order to bring the project into alignment with the contract. Mr. Webster testified that the project could have been remedied by repairing a single quadrant. However, Mr. Webster provided no evidence regarding how that might affect the cost of repair, if at all. Moreover, that testimony is substantially undermined by an initial admission that the pavement needed to be removed, in addition to Mr. Mason's rebuttal testimony that a quadrant approach to the repair would not have worked. Alternatively, the record suggests that it is not an acceptable building practice to build up the declining grade over already existing pavement.

It is therefore ORDERED:

1. Defendants Chris Webster and James Saccuzzo are liable to Plaintiffs, jointly and severally, for the sum of $18,533.40.

2. Defendant Chris Webster is liable to Plaintiffs for the additional sum of $2,000 for the deposit for the driveway for which work was not performed on Plaintiffs' property.

3. Defendant Chris Webster is ordered solely to pay Plaintiffs' reasonable attorneys fees for a violation of the Maine Unfair Trade Practices Act, which the court finds to be $3,798.50.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date:  June 30, 2016

Lance E. Walker
Justice, Superior Court